**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ALBERT T. OWENS**,

    **Plaintiff,**

**vs.**                                              **Case No. 4:18cv422-RH/CAS**

**CAPTAIN TOWNSEND, et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner proceeding *pro se*, has initiated this civil

rights case pursuant to the imminent danger exception of the Prison

Litigation Reform Act, 28 U.S.C. § 1915(g).  In a separate Order entered

this day, Plaintiff's motion requesting leave to proceed in forma pauperis,

ECF No. 2, was granted.  The complaint, ECF No. 1, was reviewed to

determine if Plaintiff sufficiently alleged that he faced imminent danger.

Concluding that he had, Plaintiff was directed to provide service copies of

his complaint.

Additionally, Plaintiff filed a motion for a temporary restraining order,

ECF No. 4, ten days after initiating this case.  Plaintiff's motion provided no

statement of facts demonstrating the need for a temporary restraining

order, nor did the motion provide allegations of more recent events than

were alleged in the complaint.  Indeed, Plaintiff stated only that he was re-

alleging and incorporating by reference the statements of fact from the

complaint.  ECF No. 4 at 1.  He then made an unexplained assertion "that

he remains in imminent danger of serious physical injury by Defendants'

unconstitutional conduct."  *Id.*  He requested that this Court issue a

temporary restraining order "prohibiting the Defendants, their officers,

agents, servants, employees and other persons who are in active concert

or participation with them from committing any of the unconstitutional

actions described in the Verified Complaint."  *Id.*

"As a prerequisite to a preliminary injunction, a plaintiff must establish

a substantial likelihood of success on the merits, that the plaintiff will suffer

irreparable injury if the injunction does not issue, that the threatened injury

outweighs whatever damage the proposed injunction may cause a

defendant, and that the injunction will not be adverse to the public interest."

Planned Parenthood of Sw. & Cent. Fla. v. Philip, 194 F. Supp. 3d 1213,

1216 (N.D. Fla. 2016) (citing Charles H. Wesley Educ. Found., Inc. v. Cox,

408 F.3d 1349, 1354 (11th Cir. 2005); Siegel v. LePore, 234 F.3d 1163,

1176 (11th Cir. 2000) (en banc).  Granting or denying a preliminary

injunction is a decision within the discretion of the district court.  Carillon

Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126

(11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th

Cir. 1983)).  To be entitled to a preliminary injunction or temporary

restraining order, Plaintiff must demonstrate all four prerequisites.  Siegel,

234 F.3d at 1176; United States v. Jefferson Cnty., 720 F.2d 1511, 1519

(11th Cir. 1983)(citations omitted).

In this case, Plaintiff has not demonstrated irreparable injury.

"Irreparable injury 'is the *sine qua non* of injunctive relief.'"  Siegel, 234

F.3d at 1176 (quoted in Jernard v. Commissioner, Ga. Dep't of Corrs., 457

F.App'x 837, 839 (11th Cir. 2012)).  In his complaint, Plaintiff specifically

requested a declaratory judgment, compensatory, punitive, and nominal

damages, costs of litigation, a jury trial, and other "additional relief [which]

this Court deems just, proper, and equitable."  ECF No. 1 at 17-18.  Plaintiff

did not request injunctive relief.  Moreover, the availability of monetary

damages means that Plaintiff has not shown irreparable injury.  Jefferson

Cnty., 720 F.2d at 1520 (finding "[t]he possibility that adequate

compensatory or other corrective relief will be available at a later date, in

the ordinary course of litigation, weighs heavily against a claim of irreparable harm."). Thus, Plaintiff's motion should be denied.

It is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order, ECF No. 4, be **DENIED** and this case be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 21, 2018.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**