IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALBERT OWENS,

    Plaintiff,

v.                                    CASE NO. 4:18cv422-RH-MAF

G. TOWNSEND et al.,

    Defendants.

_____/

## ORDER GRANTING SUMMARY JUDGMENT IN PART

    This is a prisoner civil-rights case. The plaintiff Albert Owens asserts he was subjected to excessive force by seven correctional officials and that an eighth official, H. Smith, violated the First Amendment by blocking mail from Mr. Owens to a government attorney. Only six of the eight defendants have been served with process. They have filed two motions to revoke Mr. Owens's in forma pauperis status—they seem to believe this would end the case—and alternatively for summary judgment.

    The motions are before the court on the magistrate judge's second report and recommendation, ECF No. 124, and Mr. Smith's objections, ECF No. 127. I have

reviewed de novo the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion, with these additional notes.

I

Under 28 U.S.C. § 1915, a litigant who is unable to pay court fees or give security for payment may proceed in forma pauperis. But the section includes an important limitation: a prisoner who has lost in three prior proceedings on specified grounds—who has "three strikes"—can proceed in forma pauperis only if the prisoner is in imminent danger of serious physical injury. The relevant subsection provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*.

28 U.S.C. § 1915(g) (emphasis added).

Mr. Owens has at least three strikes, perhaps many more. He was granted leave to proceed in forma pauperis only because he adequately alleged he was in imminent danger of physical injury—that is, of being attacked by officials at his facility. Later, though, Mr. Owens was transferred to a different facility; at that

point, the imminent danger ended. The defendants assert this means the case must be dismissed.

The defendants' assertion misunderstands § 1915(g). The subsection does not prohibit a prisoner with three strikes from asserting federal claims, even when the prisoner is not in imminent danger. The subsection addresses only leave to proceed in forma pauperis, not leave to proceed at all. A prisoner with three strikes may file and pursue a federal lawsuit just like anyone else—and subject to the same standards that apply when a prisoner has no strikes.

The only difference is this. A prisoner who is allowed to proceed in forma pauperis may pay the filing fee in installments based on available funds and need not pay fees incurred later. In contrast, a prisoner with three strikes, who is not in imminent danger, must pay the filing fee in full at the outset, and must pay any fees that are incurred later.

When a prisoner with three strikes does not adequately allege imminent danger and does not pay the filing fee at the outset, the proper remedy is to dismiss the case. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (rejecting a three-strikes prisoner's assertion that upon denial of leave to proceed in forma pauperis he should have been allowed to pay the fee and thus to avoid dismissal: "[T]he proper procedure is for the district court to dismiss the complaint without

prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

Similarly, when a prisoner alleges imminent danger but the court later determines that the allegation was false when made—that the prisoner was not in imminent danger when the case was filed—the proper remedy is to revoke in forma pauperis status and dismiss the case without prejudice. *See McLeod v. Jones*, No. 4:15-cv-188-RH/GRJ, 2016 WL 47875 (N.D. Fla. Jan. 4, 2016), *aff'd sub nom. McLeod v. Sec'y, Fla. Dep't of Corr.*, 778 F. App'x 663 (11th Cir. 2019).

This case is not like *Dupree* or *McLeod*. When Mr. Owens filed this lawsuit, he was in imminent danger, or so he adequately alleged. He was properly granted leave to proceed in forma pauperis. The case properly went forward without full payment of the filing fee. If the defendants could now show he was not in imminent danger at that time—that the allegation of imminent danger was concocted or perhaps just factually incorrect—leave to proceed in forma pauperis could be revoked retroactively, and the case could be dismissed for failure to pay the filing fee. *McLeod* so held. But the defendants have made no such showing. That the imminent danger later subsided would lead at most to prospective revocation of leave to proceed in forma pauperis—to a requirement that Mr. Owens pay any future fees. No such fees are due, nor are any likely to become due

while the case is pending in this court. Prospective revocation of leave to proceed in forma pauperis would not lead to dismissal.

Even further afield is Mr. Smith's assertion that imminent danger must be assessed defendant-by-defendant, and that because Mr. Smith was not the source of any imminent danger, the case must be dismissed against him. Leave to proceed in forma pauperis is granted or denied for a case as a whole, not separately for each claim or each opponent. The filing fee—the only fee of consequence here—is payable for the entire case, not separately for each defendant.

The report and recommendation correctly rejected these and other arguments asserted by the defendants under § 1915(g).

## II

In the third amended complaint, Mr. Owens asserted this claim against Mr. Smith:

> Defendant Smith infringed on Owens' right to petition the government for redress, by unlawfully refusing to accept and mail his legal mail to a government attorney, in violation of Owens' rights under the First Amendment, and did cause injury to Owens' First Amendment rights.

ECF No. 79 at 44.

In the motion to dismiss or for summary judgment, Mr. Smith addressed an entirely different claim. He asserted he was entitled to summary judgment "because Plaintiff cannot meet the required elements to demonstrate that the

Defendant interfered with his access to the courts in violation of his rights under the First Amendment." ECF No. 96 at 22. In response, Mr. Owens conceded the point:

> Plaintiff concedes that Defendant Smith is entitled to summary judgment as to his First Amendment claim because Plaintiff cannot meet the required elements to demonstrate that Defendant interfered with his access to the court in violation of his rights under the First Amendment.

ECF No. 106 at 11.

Consistent with the concession, the report and recommendation concluded Mr. Smith was entitled to summary judgment on any access-to-courts claim. But the report and recommendation concluded Mr. Smith could go forward on his interference-with-mail claim—a claim Mr. Smith did not address in his motion. Perhaps Mr. Owens intended to abandon this claim, too, but that is less than clear.

If, as Mr. Smith asserts, Mr. Owens does not intend to pursue his interference-with-mail claim, the claim can be eliminated in due course. But Mr. Smith has not addressed the merits of this claim, which appears, at least on its face, to present a genuine dispute of fact. The claim cannot be dismissed on a motion not addressing the claim. And the claim cannot be dismissed based on a concession that may have been intended to address only a different claim.

To be sure, in the objections Mr. Smith also says the claim is barred by qualified immunity. But this defense was not mentioned in the motion and thus is

not now before the court. One might have thought it clear a prisoner could report an alleged crime to a United States Attorney—and that a correctional officer could not properly prevent a prisoner from doing so. In any event, time will tell whether Mr. Smith, represented by the Attorney General, will really assert a reasonable correctional officer could believe it proper to block a prisoner's mail to a United States Attorney—or whether Mr. Smith will say he blocked this mail because he thought it proper.

### III

In the objections, Mr. Smith correctly notes that on the claim against him, Mr. Owens will not be able to recover damages for mental or emotional injury. *See* 42 U.S.C. § 1997e(e). This is an issue that will be properly addressed in the jury instructions.

A related note on this issue: in construing "mental or emotional injury" under § 1997e(e), the report and recommendation accurately cites *Thompson v. Smith*, 805 F. App'x 893, 901 (11th Cir. 2020). The decision is inconsistent with *Pierre v. Padgett*, 808 F. App'x 838 (11th Cir. 2020). Neither decision is published, so neither is binding. In the absence of new authority, the jury instructions will be based on *Thompson*, not *Pierre*.

### IV

For these reasons and those set out in the report and recommendation,

Case No. 4:18cv422-RH-MAF

IT IS ORDERED:

1. The second report and recommendation, ECF No. 124, is accepted.

2. The first motion to revoke Mr. Owens's in forma pauperis status or for summary judgment, ECF No. 96, is granted in part and denied in part. Any access-to-courts claim is dismissed with prejudice. In all other respects the motion is denied.

3. The second motion to revoke Mr. Owens's in forma pauperis status or for summary judgment, ECF No. 119, is denied.

4. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

5. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on September 21, 2020.

                              s/Robert L. Hinkle
                              United States District Judge